UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KARLA ESTRADA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN, ) <br> ) <br> Defendant. ) | No. 2:20-cv-00118-JPH-DLP |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Karla Estrada's petition for a writ of habeas corpus challenges her conviction in prison disciplinary case RTC 19-09-0186. For the reasons discussed below, Ms. Estrada's petition is **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

## II. The Disciplinary Proceeding

RTC 19-09-0186 began with the following conduct report, written August 24, 2019, by Captain Medina:

> On 8-24-2019 at approximately 8:14 pm I, Capt. Medina, reviewed the camera to look into a possible incident in Dorm 4, Room C. I observed via archive video offenders Doulin, Ashley DOC # 270797 and Estrada, Karla DOC # 215347 opening a locker door on the right side of Room C to block the view of both offenders. This incident occurred on 8-24-19 at 6:14 pm.

Dkt. 9-1.

On September 15, 2019, Ms. Estrada received notice that she was charged with violating Code 209-B, Impairment of Surveillance. Dkt. 9-2. Officer Spivey was designated as the hearing officer and reviewed the security video on September 30. Dkt. 9-5. She summarized the video as follows:

> Upon reviewing the video on the date and time of the incident it clearly shows you using the locker door as a block from the camera's view.

*Id.*

The Court has reviewed the video, which the respondent has filed *ex parte*. Dkt. 12. The video shows three women standing at the front of the room. One taps another on the hand, and they both walk to the back of the room. One inmate opens a locker door and leaves it open. The open door places both inmates out of the camera's view. One walks to the front of the room for about 30 seconds, then returns to the back, carefully avoiding the open door both times. The two inmates are behind the open locker door for about four-and-a-half minutes total.

The case proceeded to a disciplinary hearing on October 4, 2019. Dkt. 9-4. According to the hearing officer's report, Ms. Estrada stated in her defense that she "opened the door and looked out the window" and asked that the charge be modified to a lesser offense. *Id.* The hearing officer found Ms. Estrada guilty of impairing surveillance. *Id.* She explained, "Upon reviewing the camera

2

evidence at the time of the incident it is clear that you opened the locker door to impair surveillance. Evidence supports offense." *Id.*

The hearing officer assessed sanctions, including a loss of 30 days' earned credit time. *Id.* Although originally suspended, that sanction was enforced after Ms. Estrada was convicted of another disciplinary violation. Dkt. 9-11. Ms. Estrada's administrative appeals were denied. Dkts. 9-6, 9-7.

### III. Analysis

Ms. Estrada argues that her actions did not violate the code provision she was convicted of violating.[1] This argument implicates the due-process requirement that the hearing officer's decision "rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Code 209-B provides:

> Using curtains, coverings or any other matter or object in an unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room or which obstructs or otherwise impairs any viewing panel or surveillance equipment, either audio or visual within the facility, including blocking staff's view down a range.

---

[1] This is the only argument Ms. Estrada raises in her petition. The Court disregards the additional arguments she presents for the first time in her reply. *See* dkts. 1, 14. "Arguments raised for the first time in a reply brief are waived." *Stechauner v. Smith*, 852 F.3d 708, 721 (7th Cir. 2017).

3

Dkt. 9-8 at § 209.

Ms. Estrada admits that she opened a locker door and left it open for about four-and-a-half minutes. The open door blocked Ms. Estrada and the other inmate from the camera's view for several minutes. This evidence supports the hearing officer's conclusion that Ms. Estrada opened the locker door in an unauthorized manner and impaired surveillance. Ms. Estrada's argument that she did not intentionally impair surveillance does not change that there is "some evidence" supporting her conviction. *Eichwedel*, 696 F.3d at 675.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Ms. Estrada's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles her to the relief she seeks. Accordingly, Ms. Estrada's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/14/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

KARLA ESTRADA
215347
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Catherine E. Brizzi
INDIANA ATTORNEY GENERAL
catherine.brizzi@atg.in.gov

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov